# SMITH | VILLAZOR

**Smith Villazor LLP**
250 West 55th Street, 30th Floor
New York, New York 10019
www.smithvillazor.com

Patrick J. Smith
patrick.smith@smithvillazor.com
T 212.582.4400



**MEMO ENDORSED**

March 27, 2020

**VIA ECF**
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

### Re: United States v. Woojae Jung, No. 18-cr-518 (LAK)

Dear Judge Kaplan:

On behalf of Defendant Woojae Jung, we write to respectfully request that the Court modify the terms of Mr. Jung's supervised release to reduce the length of Mr. Jung's period of home confinement by the amount of time Mr. Jung spent in Immigrations Customs Enforcement ("ICE") detention after serving the term of incarceration imposed by the Court.

On June 17, 2019, the Court issued an Amended Judgment which included a three-month term of imprisonment and, as a condition of Mr. Jung's supervised release, a six-month period of home confinement. (Dkt. 54.) Mr. Jung surrendered to Bureau of Prisons ("BOP") custody on August 30, 2019 and served his three-month sentence at Federal Detention Center SeaTac in Seattle, Washington, a low-security facility (the Court had recommended that Mr. Jung be designated to the a minimum-security camp, or to FCI Lompoc in California, another low-security facility, but BOP did not accommodate this recommendation).

After serving the three-month term of imprisonment, Mr. Jung was placed into ICE custody on November 27, 2019, and transferred to the Tacoma Northwest Detention Center in Tacoma, Washington. (Ex. A.) Mr. Jung remained in ICE custody, at this detention center, until his immigration hearing on March 9, 2020, a period of 104 days.

At the March 9, 2020 immigration hearing, the immigration judge granted Mr. Jung's request for waiver and adjustment of status under Sections 212(h) and 245 of the Immigration and Naturalization Act. (Ex. B.) After the hearing, Mr. Jung was released from custody and returned to his home in San Francisco, California. Mr. Jung reported to his probation officer on March 12, 2020, and Mr. Jung's period of home confinement began on March 17, 2020. Pursuant to the Amended Judgment entered by the Court, Mr. Jung's period of home confinement would run six months, from March 17, 2020, to September 16, 2020.

However, we respectfully request that the Court credit the time that Mr. Jung spent in ICE custody toward Mr. Jung's the home confinement period currently required under the terms

Hon. Lewis A. Kaplan
March 27, 2020
Page Two

of Mr. Jung's supervised release. The Court has authority to modify the terms of Mr. Jung's supervised release pursuant to 18 U.S.C. § 3583(e)(2), and we submit that such modification is appropriate here.

Mr. Jung spent over three months in ICE custody, resulting in period of incarceration longer than contemplated by the Court's sentence (indeed, more than double the length). That additional period of ICE custody was significantly more punitive than an equal amount of home confinement would be. Finally, as we believe the Court recognized when it sentenced Mr. Jung, he is remorseful for his actions and has learned his lesson. Under the circumstances, the length of Mr. Jung's home confinement as a condition of his supervised release can be modified as requested while remaining sufficient to meet the purposes of 18 U.S.C. § 3553(a)

Modifying Mr. Jung's supervised release as requested, shortening the home confinement period by the amount of time he spent in ICE custody, would result in a period of home confinement ending on June 4, 2020. The government, through AUSA Andrew Thomas, takes no position on this request.

Respectfully submitted,

/s/ Patrick J. Smith

Smith Villazor, LLP

cc: AUSA Andrew Thomas

GRANTED

SO ORDERED.

Dated: March 30, 2020

_____
Lewis A. Kaplan
United States District Judge